685 S.E.2d 835

SOUTH CAROLINA DEPARTMENT OF
SOCIAL SERVICES, Respondent,

v.

C.H., L.K., T.M., and D.M., Defendants,

Of Whom L.K. is the Appellant.

In the Interest of Two minor children under the age of 18.

No. 4627.

Court of Appeals of South Carolina.

Heard Oct. 7, 2009.
Decided Oct. 28, 2009.

John Harleston, of Mount Pleasant, for Appellant.

Deborah Murdock, of Mauldin and Graves Wilson, Jr., of Summerville, for Respondent.

Gina Jolly McAlhany, of Summerville, for Guardian Ad Litem.

GOOLSBY, A.J.

L.K. (Appellant) appeals the family court's order: (1) finding Appellant physically abused a minor child as defined by section 63–7–20 of the South Carolina Code (2008); [1] and (2) requiring Appellant's name be placed in the Central Registry for Child Abuse and Neglect (Central Registry). We reverse.

## FACTS AND PROCEDURAL HISTORY

The Department of Social Services (Department) brought this action in the family court against C.H. (Mother) and Appellant, Mother's friend, seeking removal of Mother's two minor children. The Department's amended complaint alleged:

[One of Mother's minor children (Child) ] was abused or neglected as defined by [section 63–7–20 of the South Carolina Code (2008) ] in that [Child] was harmed or threatened with harm when [Appellant], while responsible for [Child's] welfare, did or allowed the following:

[Child] was discovered at school having bruises and scratches on his left hand and was unable to use his hand. . . . He reported that his mother's friend, [Appellant], had slammed his hand on the wall.

While the family court action was pending, a grand jury indicted Appellant for assault and battery of a high and aggravated nature. Appellant subsequently pled guilty to simple assault and battery and was sentenced to three days' imprisonment.

At the family court merits hearing, the Department submitted Appellant's guilty plea and indictment into evidence. Following the hearing, the family court stated:

Well, my ruling today is that on the strength of these guilty pleas where [Appellant] has admitted to having assaulted

---

1. The amended complaint and the briefs cite section 20–7–490 of the South Carolina Code (Supp.2007); however, effective June 16, 2008, the General Assembly amended the Code of Laws of South Carolina by adding Title 63, the South Carolina Children's Code, and transferring all provisions of Title 20, Chapter 7, to Title 63. *See* Act No. 361, 2008 S.C. Acts 3623 (stating "the transfer and reorganization of the code provisions in this act are technical . . . and are not intended to be substantive").

and committed a battery against [Child], I am going to enter this finding of abuse against [Appellant]. It will be a Central Registry finding. And that my ruling for the purpose of this record and any appeal she will not be allowed to take a contrary position to [her guilty plea] in a trial in this matter. . . .

Appellant filed a timely motion for reconsideration, which the family court denied. This appeal followed.

## LAW/ANALYSIS

■ Appellant argues the family court erred in finding she abused Child as defined by section 63–7–20 of the South Carolina Code (2008) because the statute applies only to acts committed by a person responsible for a child's welfare. Appellant further argues the family court erred by requiring the placement of her name on the Central Registry. We agree.

Child abuse occurs when *"the parent, guardian, or other person responsible for the child's welfare* . . . inflicts or allows to be inflicted upon the child physical or mental injury." § 63–7–20(4)(a) (emphasis added). "An investigation . . . must be initiated when the information contained in a report . . . does not establish whether the person has assumed the role or responsibility of a parent or guardian for the child." § 63–7–20(16). Once the family court finds a child was abused or neglected pursuant to section 63–7–20(4), the court "must order that a person's name be entered in the Central Registry . . . if the court finds that there is a preponderance of evidence that the person physically or sexually abused . . . the child." S.C.Code Ann. § 63–7–1940(A) (2008).

Here, the family court entered a finding of abuse or neglect against Appellant, relying *solely* on Appellant's indictment for assault and battery of a high and aggravated nature and her guilty plea to simple assault and battery. In fact, the Department failed to present any independent evidence regarding Appellant's relationship with Child.

■ Just as one cannot see something that is not there, one cannot plead to something that is not there. Appellant never pled to an indictment alleging she committed an assault and battery in violation of the child abuse statute. The indictment

only alleged Appellant, "in violation of the common law," committed an assault and battery of a high and aggravated nature upon a minor child. It did not describe Appellant as a person "responsible for the child's welfare." Further, Appellant never pled guilty to assault and battery in violation of the child abuse statute. Instead, she pled guilty to simple assault and battery. Neither assault and battery of a high and aggravated nature nor simple assault and battery contains the same elements as the child abuse statute.[2]

Moreover, we note the plea court did not order Appellant's placement on the Central Registry by checking the appropriate box[3] on Appellant's sentencing sheet.

■ The Department's arguments regarding issue preservation, waiver, and estoppel are all without merit. As to issue preservation, the issue of whether Appellant was responsible for Child's welfare was before the family court because the relationship between Appellant and Child was pled in the complaint and Appellant was not required to deny the allegation to preserve the issue for review. *See* S.C.Code Ann. § 63–7–1660(D) (2008) ("No responsive pleading to the petition [for removal] is required."); Rule 8(d), SCRCP ("Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."). The family court ruled on the issue by making a finding of child abuse against Appellant. Moreover, Appellant challenged the sufficiency of the guilty pleas as conclusive evidence of child abuse in her Rule 59(e), SCRCP, motion.

■ As to waiver, Appellant did not waive her right to challenge the sufficiency of the guilty plea by failing to object to the plea when it was admitted into evidence. Appellant's

---

2. Appellant's indictment provides: "[Appellant] did ... commit an assault and battery upon the victim ..., constituting an unlawful act of violent injury to the person of the said victim, accompanied by circumstances of aggravation.... This offense [is] in violation of the common law of this State." "[S]imple assault and battery is an unlawful act of violent injury to another, unaccompanied by any circumstances of aggravation." *State v. Tyndall,* 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct.App.1999).

3. An empty box precedes the following language on Appellant's sentencing sheet: "The Defendant is to be placed on the Central Registry of Child Abuse and Neglect pursuant to S.C.Code Ann. § 17–25–135."

failure to object did not constitute an admission that the plea was conclusive evidence of child abuse; instead, Appellant acknowledged the plea was authentic and relevant to the family court action.

■ Regarding estoppel, Appellant is not estopped from denying liability for child abuse. As set forth above, Appellant pled guilty to assault and battery, not child abuse, and the guilty plea does not establish Appellant was a person responsible for the Child's welfare.

**REVERSED.**

KONDUROS and LOCKEMY, JJ., concur.